## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**JONATHAN DALE BLANKENSHIP, #115012**                     **PLAINTIFF**

**VERSUS**                                   **CAUSE NO.  5:12-cv-162-DCB-MTP**

**WARDEN R. BYRD, OFFICER UNKNOWN CHAMBERS,**
**and WARDEN UNKNOWN VINES**                             **DEFENDANTS**

### MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Blankenship, an inmate of the Mississippi Department of Corrections (MDOC), filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983, on December 7, 2012. Plaintiff's request to proceed *in forma pauperis* was granted on May 10, 2013. The named Defendants are Warden R. Byrd, Officer Unknown Chambers and Warden Unknown Vines. Upon liberal review of the Complaint and Response [14], the Court has reached the following conclusions.

In August of 2012, Plaintiff was incarcerated in the Wilkinson County Correctional Facility, when he was found guilty of a prison rule violation report (RVR) for smuggling contraband. As a result of this guilty finding, Plaintiff was placed in administrative segregation for twenty days and he lost his visitation, canteen, and telephone privileges for sixty days. Resp. [14] at 2. Plaintiff also states that this guilty finding prevented him from obtaining "B-custody," or a less restrictive classification level. *Id.* Plaintiff's appeal of the RVR and resulting punishment was denied.[1]

Plaintiff complains that the RVR and accompanying disciplinary process violated his

---

[1] Plaintiff has attached a copy of Warden Byrd's response denying his appeal (via the MDOC administrative remedy program) of the RVR and resulting punishment. *See* Doc. [1-3].

constitutional rights and MDOC policy and procedure. Specifically, Plaintiff claims that he is factually innocent of the charges, that the RVR contained administrative errors, and that his disciplinary hearing was not held within the time limit specified by MDOC policy. Plaintiff further complains that Warden Byrd denied his appeal within the administrative remedy program without "a proper investigation." Compl. [1] at 4. As relief, Plaintiff is seeking monetary damages and the removal of the RVR from his prison records.

## I. Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the Court has permitted Plaintiff to proceed *in forma pauperis* in this action, his Complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).

In order to have a viable claim under 42 U.S.C. § 1983, a plaintiff "must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States." *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010)(citation omitted). Initially, the Court notes that an inmate does not have a constitutional right to receive a certain custodial classification while incarcerated. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir.1995); *see also Parker v. Currie,* 359 F. App'x 488, 490 (5th Cir. 2010)(holding an inmate's "mere disagreement with a [custodial] classification is insufficient to establish a constitutional

violation"). Furthermore, the classification of prisoners in certain custody levels is well within the broad discretion of prison officials and should be "free from judicial intervention." *McCord v. Maggio*, 910 F.2d 1248, 1250-51 (5th Cir.1990)(citations omitted).

At best, Plaintiff is asserting that his constitutional rights were violated under the Due Process Clause when he was placed in segregation and his visitation, canteen, and telephone privileges were restricted. However, the protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997). To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995).

The United States Court of Appeals for the Fifth Circuit, applying *Sandin* has held that "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996)(quoting *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995)). The denial of prison privileges or the classification of Plaintiff in a certain custody level is not an "atypical and significant hardship" of prison life. *See Wilkerson v. Stalder*, 329 F.3d 431, 435-36 (5th Cir. 2003) (noting that "this circuit has continued to hold post-*Sandin* that an inmate has no protectable liberty interest in his classification" and remanding case to determine if lock-down status for thirty years was "atypical" under *Sandin*); *Lewis v. Dretke*, 54 F. App'x 795 (5th Cir. 2002)(finding restrictions on commissary and telephone privileges resulting from allegedly false disciplinary

charges does not implicate due process); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999)(holding inmate has no constitutional right to visitation privileges).  In sum, Plaintiff does not have a constitutionally protected right to a certain classification level or any privileges associated with a certain custody level while in prison.

Likewise, an inmate does not have a federally protected liberty interest in having a prison grievance investigated or resolved to his satisfaction.  *Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005); *Staples v. Keffer*, 419 F. App'x 461, 463 (5th Cir. 2011)(finding prisoner "does not have a constitutional right to a grievance procedure at all" therefore claims that appeals within the prison system were "arbitrarily and capriciously denied" are not cognizable).  As such, Plaintiff's claims related to how his grievance or appeal of this guilty finding was handled within the prison administrative remedy program are not cognizable.

Finally, Plaintiff is not entitled to relief under § 1983 based on his claim that MDOC policy and procedure was violated by this RVR and resulting disciplinary process.  These allegations, without more, simply do not rise to a level of constitutional deprivation.  *See Guiden v. Wilson,* 244 F. App'x 980, 981 (5th Cir. 2009) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986)) ("A violation of a prison rule by itself is insufficient to set forth a claim of a constitutional violation.").

## II.  Conclusion

As explained above, Plaintiff's placement in a certain custody level and the denial of prison privileges does not amount to a constitutional deprivation.  Nor does an unfavorable response to a prison grievance or a failure to follow prison policy amount to a constitutional deprivation.  Therefore, this case is dismissed as frivolous and for failure to state a claim,

pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii), with prejudice. *See Berry,* 192 F.3d at 508 (finding inmate's § 1983 claim based on denial of visitation privileges properly dismissed as both frivolous and for failure to state a claim); *Morris v. Cross*, 476 F. App'x 783, 785 (5th Cir. 2012)(finding inmate's claim that he was denied adequate investigation into his grievance was properly dismissed as frivolous).

Since this case is dismissed pursuant to the above-mentioned provisions of the Prison Litigation Reform Act, it will be counted as a "strike."[2] If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED, this the 10th  day of June, 2013.


      s/David Bramlette
      UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."